UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALI AL-MAQABLH,

    Plaintiff,

v.

UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE,

    Defendant.

Case No. 1:11-cv-531

Beckwith, J.
Bowman, M.J.

## ORDER

This civil action is before the Court upon Plaintiff's *pro se* motion to enforce the Plain Writing Act, 111 P.L. 274, and/or request to Defendant to use less Enigmatic Script in its Communication. (Doc. 12). Defendant has filed a response to Plaintiff's motion. (Doc. 14).

Plaintiff's motion asserts that he unable to interpret, or fully understand, claims made by Defendant and their counsel due to his lack of knowledge of legal terms. Plaintiff, therefore, asks the Court to require Defendant to resubmit its answer to his complaint using "plain English" in accordance with the Plain Writing Act of 2010. Plaintiff also seeks to require all future communications by Defendant be issued in plain English.

As noted by Defendant, the Plain Writing Act applies to federal executive agencies, not the University. 111 P.L. 274, 3. However, legal pleadings are not "covered documents" subject to the Act. Moreover, no provision of the Act "shall be construed to create any right or benefit, substantive or procedural, enforceable by any administrative or judicial action." *Id*. at 6. Thus, Plaintiff's reliance on the Plain Writing Act is misplaced, as the Act does not provide or create a right of action enforceable by this Court. Furthermore, to the extent

Plaintiff relies on the definition of "plain writing" used in the Act, Defendant asserts that its Answer comports with the definition, *i.e.* the Answer follows the common legal practice used to respond to complaints.

Based on the foregoing, Plaintiff's motion to enforce the Plain Writing Act (Doc. 12) is herein **DENIED.**

**IT IS SO ORDERED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge