IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI AL-MAQABLH, | : | |
| Plaintiff, | : | Case No. 1:11-cv-531 |
| vs. | : | JUDGE BECKWITH |
| UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE, et al., | : | MAGISTRATE JUDGE BOWMAN |
| Defendants. | : | |

## PROTECTIVE ORDER
## GOVERNING PRETRIAL DISCOVERY

The parties are engaged in discovery proceedings pursuant to the Federal Rules of Civil Procedure. In order to expedite the discovery of confidential information, this Court orders as follows:

1.      Counsel for any party may designate a document or other recorded information as "confidential." Any document or other recorded information so designated shall be marked as such and from the time of its designation shall be subject to the terms of this Order. Any dispute concerning the improper designation of documents as "confidential" shall, when possible, be resolved by agreement. If not, any party may seek further Orders of this Court, upon application of the party opposing the designation. The burden to show that a document is properly confidential shall remain on the party seeking protection of the document.

2.      All confidential information, and information derived therefrom, shall not be used for any purpose whatsoever other than the preparation for trial, and trial, of this case. Any such use shall be subject to the following terms, conditions and restrictions:

(A)      Information produced by a Party which is marked "confidential" shall not be disclosed, discussed with, or used by anyone, except:

Attorneys of record for the Parties, including employees of any law firm appearing of record in this action who are engaged in this litigation;

Independent experts consulted by any party for purposes of assisting the parties and/or their attorneys in preparation and/or presentation of the claims or defenses in this case;

Any person who has prepared or assisted in the preparation of any particular document produced, had prior access to the document, was responsible for authorizing standards, procedures, guidelines or events reflected in the documents, or was responsible for the custody, care and/or distribution of the documents produced; and

The parties.

(B)     The person(s) to whom disclosure of confidential information is made shall first be advised of the terms of this Order and shall consent to being bound thereby by signing an acknowledgment in the form of Appendix A.

(C)     If, during the course of any deposition upon oral examination, counsel for any party uses as an exhibit any document marked "confidential," the court reporter shall keep the exhibit separate; all confidential deposition exhibits shall be bound.

3.     Nothing in this Order will prevent any party from using information that the party reasonably believes is relevant to any matter presented to the Court at trial or in a hearing with the Court. No document or deposition portion shall be filed under seal except by separate order of the Court upon motion and for good cause shown. If a party wishes to file with the Court any confidential document (either separately or as an exhibit to a deposition being filed with the Court) or any portion of a deposition transcript during which a witness is questioned about the contents of a confidential exhibit, that party shall provide the opposing party with ten (10) days prior notice, so that the opposing party may file a motion with the Court showing good cause for an order requiring that the document or deposition portion be filed under seal. No confidential document or deposition portion shall be filed with the Court during the pendency of a motion seeking the filing of the confidential material under seal.

2

4.      The terms and conditions of this Order shall remain in full force and effect during any appeal taken by any party.

5.      Upon the termination of this litigation by settlement or final adjudication through the conclusion of all appeals, Plaintiff and/or Plaintiff's counsel shall upon request return to Defendant's counsel or destroy all copies of said confidential information and any copies, extracts or summaries thereof, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials.  Confidential information contained in any work product materials retained by counsel after termination of this action shall not be disclosed to any person.

6.      Nothing in this Order shall prevent or control the introduction of evidence which may include documents designated as confidential or information derived therefrom at trial or an open hearing with this Court in this matter.  If a party opposes use of a confidential document at trial, the party opposing its use must file a motion with the court stating the grounds for exclusion or for limiting use of the documents, to which the party seeking to admit the document shall have at least five (5) days to respond.  The court, at its discretion, may hold an *in-camera* hearing regarding the motion.

7.      In the event that it becomes necessary in the judgment of counsel for any party to use or disclose confidential information other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon further order of this Court.

Stephanie K. Bowman

Magistrate Judge Bowman

3

**Appendix A**

<u>ACKNOWLEDGMENT OF CONFIDENTIALITY</u>

I, _____, acknowledge that I have read the

Stipulation and Protective Order Governing Pretrial Discovery in *Al-Maqablh v. University of*

*Cincinnati, et al.*, U.S. District Court, Southern District of Ohio, Western Division, Case No. 1:11-cv-

531, before having access to information deemed confidential under the Order.  I consent to be

bound by the Stipulated Protective Order.


_____

(Signature)


_____

(Date)