IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ali Al-Maqablh, :
:  Case No. 1:11-cv-531
        Plaintiff, :
:
    v. :
:
University of Cincinnati College of :
Medicine, et al., :
:
        Defendants. :

**O R D E R**

       This matter is before the Court on Defendant University of Cincinnati's motion for judgment on the pleadings (Doc. No. 21), Plaintiff Ali Al-Maqablh's motion to change venue (Doc. No. 28) and motion to amend the complaint (Doc. No. 29), Magistrate Judge Bowman's Report and Recommendation (Doc. No. 33) recommending that Defendant's motion for judgment on the pleadings be granted in part and denied in part, that Plaintiff's motions be denied but that Plaintiff be permitted to amend the complaint as to his Title VII allegations only, and Plaintiff's objections to the Report and Recommendation (Doc. No. 41).   For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  Defendant's motion for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's motions to change venue and to amend the complaint are not well-taken and are **DENIED.**

       Plaintiff, proceeding pro se, filed a complaint against the University of Cincinnati College of Medicine and several individual defendants alleging, apparently, that he was

1

discharged from the graduate research assistant program because of his race, ethnicity and/or national origin.  Those are, in any event, the allegations contained in his EEOC complaint.  Doc. No. 3, at 5.   The complaint also alleges that the College of Medicine "neglected" his disability by deducting points from an examination for turning it in late even though the University's disability office recommended that as an accommodation.  Finally, the complaint also alleges that the individual Defendants conspired to terminate him from the graduate research assistance program.

The University filed an answer to the complaint (Doc. No. 9) and then later a motion for judgment on the pleadings (Doc. No. 21).[1]  Defendant construed the complaint to assert claims for race, ethnicity and/or national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, disability discrimination in violation of the Americans With Disabilities Act ("ADA") and/or the Rehabilitation Act, and a conspiracy claim pursuant to 42 U.S.C. § 1985(3).  Defendant also thought that Plaintiff might be asserting a claim for a constitutional violation under 42 U.S.C. § 1983 and that he might be asserting state law employment discrimination claims.

Based on that assessment of the complaint, the University moved for judgment on the pleadings on the following grounds:

1. Plaintiff's ADA claim against the University is barred by sovereign immunity.

2. Plaintiff failed to exhaust the administrative remedies on his ADA claim by not including a claim of disability discrimination in his EEOC complaint.

3. Plaintiff failed to state a claim for a Rehabilitation Act violation because he alleged that he was discharged from the program because of his race,

---

[1] The record indicates that Plaintiff has not yet served the summons and complaint on the individual Defendants.

    ethnicity and/or national origin, thereby indicating that he was not discharged solely because of his disability.

4. Plaintiff's § 1985 claim is subject to dismissal because a state agency is not a "person" as defined by § 1985 as well as pursuant to the intracorporate conspiracy doctrine under which a corporation cannot conspire with its own agents acting within the scope of their employment. Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 840-41 (6th Cir. 1994).

5. Plaintiff's state law claims against the University are barred by Eleventh Amendment sovereign immunity.

6. Plaintiff's § 1983 claims against the University are barred by Eleventh Amendment sovereign immunity

7. Plaintiff's Title VII claims failed to allege facts demonstrating that Plaintiff was an employee of the University.

Plaintiff then filed a motion to change venue to the Western District of Kentucky (Doc. No. 28) and a motion to amend his complaint to add a breach of contract claim. (Doc. No. 29).

After briefing on those motions was closed, Magistrate Judge Bowman issued the instant Report and Recommendation recommending that Defendant's motion for judgment on the pleadings be granted in part and denied part. Judge Bowman also recommended that both of Plaintiff's motions be denied but that Plaintiff be given leave to amend his Title VII claims.

Under Fed. R. Civ. P. 72(b)(3), this Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to."

Plaintiff filed objections to the Report and Recommendation on December 3, 2012 (Doc. No. 41). He now concedes that the Magistrate Judge correctly recommended dismissal of his disability discrimination claims. Plaintiff, however, argues that the Magistrate Judge incorrectly recommended dismissing his conspiracy

3

claims against the Defendants. Plaintiff argues that the University is not entitled to Eleventh Amendment sovereign immunity because it is affiliated with Cincinnati Children's Hospital and employs persons who are also employed by Children's Hospital. He also claims that at least one of the board members who participated in his termination from the program is employed completely by Children's Hospital. In a similar vein, Plaintiff argues that the Magistrate Judge incorrectly applied the intracorporate conspiracy doctrine because it does not apply in civil rights cases and because some of the individual Defendants were employed by Children's Hospital.

Finally, Plaintiff objects to the Magistrate Judge's recommendation to deny his motion for a change of venue. He argues that it would be more convenient for him to litigate the case in Louisville and not more inconvenient for the Defendants to litigate the case there.

The Court finds no error in the Magistrate Judge's Report and Recommendation. It is well-established that the University of Cincinnati is an arm of the State of Ohio and entitled to Eleventh Amendment sovereign immunity. Thomson v. Harmony, 65 F.3d 1314, 1319 (6th Cir. 1995); Dillion v. University Hosp., 715 F. Supp. 1384, 1386-87 (S.D. Ohio 1989). Therefore, the Magistrate Judge correctly determined that Plaintiff's § 1983 and § 1985 claims against the University should be dismissed. Additionally, Eleventh Amendment sovereign immunity bars consideration of any state law employment discrimination claims the complaint might be construed to assert against the University. Dendinger v. State of Ohio, 207 Fed. Appx. 521, 529 (6th Cir. 2006).

The Magistrate Judge correctly applied the intracorporate conspiracy doctrine. Contrary to Plaintiff's argument, the Sixth Circuit has applied the intracorporate

conspiracy doctrine in civil rights cases. E.g., Amadasu v. The Christ Hosp., 514 F.3d 504 (6th Cir. 2008); Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837 (6th Cir. 1994). The only exception to the rule that a corporation cannot conspire with its own employees is where the employees act outside the scope of their employment. Johnson, 40 F.3d at 840-41. In this case, however, Plaintiff has not provided any factual allegations, even ones which could be liberally construed, which indicate that the individual Defendants acted outside the scope of their employment in participating in his dismissal from the graduate assistant research program. Plaintiff's contention that the individual Defendants are not employees of the University is not supported by any of the factual allegations in the complaint. Accordingly, Plaintiff's objections to the dismissal of his conspiracy claims are not well-taken.

The Magistrate Judge also correctly recommended denying Plaintiff's motion to change venue. Plaintiff moved to change venue to the Western District of Kentucky pursuant to 28 U.S.C. § 1404. Section 1404(a) permits a transfer of venue to another district "[f]or the convenience of parties and witnesses" and "in the interest of justice." Under 1404(a), the transferee district must be more convenient and venue must be proper in the transferee district as well. Bunting ex rel. Gray v. Gray, 2 Fed. Appx. 443, 448 (6th Cir. 2001). Plaintiff's motion only establishes that it would be more convenient for him to litigate this case in the Western District of Kentucky. Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). All the events giving rise to the complaint, however, occurred in the Southern District of Ohio. Moreover, all of the Defendants reside in this district and presumably almost all of

the proof relevant to the claims and defenses in the case will be located in this district. Thus, the balance of factors indicates that this case is more conveniently tried in the Southern District of Ohio.  Zimmer Enter., Inc. v. Atlandia Imports, Inc., 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) (listing factors to consider in analyzing § 1404(a) motion).

In any event, transferring this case to the Western District of Kentucky would not be authorized under § 1404(a) because venue would not be proper there.  As just stated, none of the defendants reside in that district and none of the events in the case occurred there.  See 28 U.S.C. §§ 1391(b)(1) & (b)(2).

Accordingly, for the reasons stated, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  Defendants' motion for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff's motion to file an amended complaint and to change venue are not well-taken and are **DENIED.**   Plaintiff's disability discrimination, state law employment discrimination, § 1985 and § 1983 claims are dismissed as to the University of Cincinnati. Plaintiff's amended complaint (Doc. No. 35) is accepted as being filed in accordance with the Report and Recommendation.

**IT IS SO ORDERED**

Date December 21 , 2012                                         s/Sandra S. Beckwith
                                                                                    Sandra S. Beckwith
                                                                      Senior United States District Judge