UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALI AL-MAQABLH,

    Plaintiff,

v.

UNIVERSITY OF CINCINNATI
COLLEGE OF MEDICINE,

    Defendant.

Case No. 1:11-cv-531

Beckwith, J.
Bowman, M.J.

**ORDER**

This matter is before the Court on Plaintiff's motion to vacate discovery deadlines and the parties' responsive memoranda. (Docs. 42, 45, 47). Also pending before the Court are Plaintiff's motions to compel discovery and to seal the case. (Docs. 48, 49). The motions will be addressed in turn.[1]

    A. *Motion to Vacate Discovery Deadline*

Plaintiff asks the court to vacate the current discovery deadline which expired on September 30, 2012. Plaintiff appears to assert that he misunderstood the nature of the discovery deadline and notes that he is a full time student, researcher and teaching assistant with very little free time. As such, Plaintiff contends an extension of the discovery deadline is warranted. Upon consideration of Plaintiff's *pro se* status, as well the procedural history in this case, the undersigned finds that Plaintiff's motion is well-taken.

Notably, on October 5, 2012, the Court vacated the previously established

---

[1] Defendant's filed an unopposed motion to continue the Final Pre-trial and Trial Dates on February 27, 2013. (Doc. 52). The Final Pretrial and Trial dates are in the purview of the district judge and will not be addressed by the undersigned in the instant order.

dispositive motion deadline while the parties awaited the Court's decision on Defendant's Motion for Judgment on the Pleadings. The Court indicated it would issue a new scheduling order, after the Court's ruling on the Motion. (Doc. 37). On December 21, 2012, the Court adopted the undersigned's Report and Recommendation that Defendant's Motion for Judgement on the Pleadings be granted in part and denied in part. (Doc. 44). Despite this ruling, the Court has yet to issue a new scheduling order. Accordingly, Plaintiff's motion to vacate the discovery deadline (Doc. 42) is herein **GRANTED.** The **discovery deadline** is extended to **May 1, 2013** and the **dispostive motion deadline** is reset to **June 1, 2013.**

*B. Motion to Compel Discovery*

Plaintiff seeks an Order compelling Defendant to respond to his interrogatories. As fully explained below, Plaintiff's motion is not well-taken.

Denial of the instant motion to compel is warranted due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a) provides, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all

2

extrajudicial means for resolving the differences. . . ." The rules also empower the Court to order the offending party to pay the movant's reasonable expenses incurred in making a motion to compel discovery. However, "the court *must not* order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action. . . ." Fed. R. Civ. P. 37(a)(5)(A)(i) (emphasis added).

Plaintiff's motion fails to include the necessary certification that he conferred or attempted to confer with Defendants about the instant discovery dispute prior to filing its motion to compel with the Court. Nor is there any indication from Plaintiff's motion or memorandum in support that the parties attempted to resolve any dispute prior to the filing of the motion and seeking the Court's intervention. "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court. F.R. Civ. P. 37(a)(1)." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). *See also Ross v. Citifinancial, Inc.,* 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court.").

Accordingly, based on the foregoing, Plaintiff's motion to compel (Doc. 48) is herein **DENIED.**

C. *Motion to Seal Case*

In his final motion currently before the Court, Plaintiff asks the Court to seal this case

due to his concerns relating to potential employers discovering information about this matter. Plaintiff's motion lacks merit.

It is well-settled that there is a strong presumption in favor of public access to judicial records. *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978). While public access to judicial records is not absolute, the strong presumption in favor of public access is not easily overcome. *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). Thus, "sealing of court records is not warranted absent the presence of a factor sufficient to outweigh the strong interest in public access, such as national security considerations, trade secrets, personal privacy interests, and personal safety concerns." *United States ex rel. Jack Permison v. Superlative Techs.*, 492 F.Supp.2d 561, 564 (E.D.Va.2007). In the present case Plaintiff has failed to present any evidence to rebut the strong presumption in favor of public access to judicial proceedings. Accordingly, Plaintiff's motion to seal the case (Doc. 49 ) is **DENIED**.

In sum, it is therefore **ORDERED** that: (1) Plaintiff's motion to vacate the discovery deadline (Doc. 42) is **GRANTED** and the discovery deadline is extended to May 1, 2013 and the dispostive motion deadline is reset to June 1, 2013; (2) Plaintiff's motion to compel (Doc. 48) is **DENIED**; and (3) Plaintiff's motion to seal the case (Doc. 49) is **DENIED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge