UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALI AL-MAQABLH,

    Plaintiff,

v.

UNIVERSITY OF CINCINNATI
COLLEGE OF MEDICINE,

    Defendant.

Case No. 1:11-cv-531

Beckwith, J.
Bowman, M.J.

## ORDER

This matter is before the Court on Plaintiff's motion for Leave to Serve Additional Depositions and to Expand the Number of Interrogatories (Doc. 56) and the parties' responsive memoranda. (Docs. 57, 58). Plaintiff requests leave to serve a total of 100 interrogatories on the only defendant in this case, the University of Cincinnati ("UC"). Plaintiff also requests leave to take 20 depositions because of the "complexity of the legal and factual issues in this matter." *Id*. at 4.

Federal Rule of Civil Procedure 26(b)(2) governs the Court's determination on whether leave will be granted to serve additional interrogatories. The Court must limit discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation,

and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

In the instant motion, Plaintiff asserts that he should be entitled to serve 100 additional interrogatories and take 10 additional deposition because this matter involves numerous violations of federal law and because Defendant listed approximately 50 individual witness. Plaintiff maintains that "if every individual is to be allowed one interrogatory, which is unrealistic, the limit of interrogatories set by the federal rules is insufficient." (Doc. 56, p. 2). Plaintiff's appears to assert generally that he is entitled to such substantial discovery because the University of Cincinnati is "huge institution" with "many" employees.

In response to Plaintiff's motion, Defendant asserts that Plaintiff is using interrogatories not to discover information relevant to this claim, but rather to harass and or embarrass current UC faculty and try to make UC engage in unnecessary work. In this regard, Defendant notes that Plaintiff's initial interrogatories also contain interrogatories directed to non-UC employees and request information about: UC faculty salary information; information regarding nepotism policies; guidelines for every graduate program offered at UC; and Plaintiff's undated rejection(s) from other graduate programs offered by UC and the GRE scores of the individuals admitted to UC's graduate programs. Defendant further notes that UC has already agreed to produce eight UC employees: the two former co-directors of the Cancer and Cell Biology graduate program, the current interim Chair of UC's Department of Cancer and Cell and Biology in UC's College of Medicine, the Associate Dean for Graduate Education in UC's College of Medicine, and the Interim Vice Provost and Dean of UC's Graduate School for depositions.

Upon careful review, the undersigned finds that Plaintiff's motion is not well-taken. Plaintiff fails to identify any specific information he would like to obtain from the additional interrogatories and depositions and/or why he could not obtain such information from the number of interrogatories already propounded.  As noted above, Plaintiff simply asserts the he is entitled to such discovery because the Defendant is a huge institution with many employees.  Moreover, the discovery sought would be extremely burdensome and expensive for the Defendant; and, based on the record before the Court, Plaintiff has had ample opportunity to obtain discovery in this matter.   Accordingly, Plaintiff has failed to establish that his need for such discovery and/or the relevancy o the information sought outweighs the substantial burden to Defendant.   In light of the foregoing, the undersigned also declines to extend the discovery deadline.  Plaintiff's motion is therefore **DENIED**, *in toto.*

                                                *s/Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge