UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALI AL-MAQABLH,

   Plaintiff,         Case No. 1:11-cv-531

  vs.            BECKWITH, J.
               BOWMAN, M.J.
UNIVERSITY OF CINCINNATI
COLLEGE OF MEDICINE, et al.,

   Defendants.

## REPORT AND RECOMMENDATION

This civil action is before the Court on Plaintiff's pro se motion to reopen case and establish grounds for appeal (Doc. 93) and the parties' responsive memoranda. (Doc. 94-95).  Upon careful review, the undersigned finds that Plaintiff's motion lacks merit.

On May 19, 2014, the Court granted Defendants' motion for summary judgment and the Clerk entered Judgment in favor of Defendants.  (Docs. 91, 92).  Because Plaintiff's motion to reopen was filed after the entry of judgment, it is more properly construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). *Whitmore v. Ohio*, 1:03-CV-657, 2008 WL 151292 (S.D. Ohio Jan. 14, 2008); citing *Kalamazoo River Study Group v. Rockwell Int'l Corp.,* 355 F.3d 574, 583-84 (6th Cir.2004)

Rule 60(b) establishes six grounds for relief from judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have

been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Here, Plaintiff asserts that he is entitled to relief from judgment because he did not received Judge Beckwith's Order granting Defendants' motion for summary judgment and denying Plaintiff's motion to alter judgment. (*See* Doc. 91). "Due to recent irregulars in mail deliver to Plaintiff's address, Plaintiff respectfully requests that this mail is sent via regular mail and via certified mail to guarantee the he receives [it]." (Doc. 93). Such assertions, however, do not establish that he is entitled to any grounds for relief under Rule 60(b).

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion to reopen (Doc. 93) be **DENIED.**

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ALI AL-MAQABLH,

    Plaintiff,

vs.

UNIVERSITY OF CINCINNATI
COLLEGE OF MEDICINE, et al.,

    Defendants.

Case No. 1:11-cv-531

BECKWITH, J.
BOWMAN, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).