**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ALI AL-MAQABLH,

    *Plaintiff,*

v.

UNIVERSITY OF CINCINNATI
COLLEGE OF MEDICINE,

    *Defendant.*

: : : : : : : : : : : : : :

Case No. 1:11-cv-00531

Judge Jeffery P. Hopkins

---

**OPINION & ORDER**

---

Before the Court is a nearly decade-long cost dispute. On May 19, 2014, the Court dismissed Ali Al-Maqablh's ("Plaintiff" or "Mr. Al-Maqablh") lawsuit with prejudice. Doc. 91, PageID 2596. Nearly ten years after the Clerk's taxation of costs to the prevailing party (Docs. 119, 120), Mr. Al-Maqablh now moves to vacate those costs. Doc. 121. Because the law does not permit such delay and for the reasons provided below, the Court **DENIES** Plaintiff's Motion to Vacate Clerk's Taxation of Costs (Doc. 121).

## I.    BACKGROUND

Mr. Al-Maqablh followed a rare path, attending both medical and law school. On April 11, 2008, Mr. Al-Maqablh was granted admission to the University of Cincinnati College of Medicine's ("Defendant" or "UC") Cell and Cancer Biology program. Doc. 64-3, Def. Ex. 3, PageID 613. Unfortunately, because Mr. Al-Maqablh failed to maintain a "B" average in Cell Biology and failed to solidify a mentor for his lab research, he was dismissed from UC on June 19, 2009. Doc. 64-17, Def. Ex. 17, PageID 698. Mr. Al-Maqablh's dismissal from UC prompted him to file this federal lawsuit. On August 10, 2011, Mr. Al-Maqablh, *pro*

1

*se*, filed an employment discrimination Complaint under Title VII of the Civil Rights Act of 1964 against UC.[1] *See* Compl., Doc. 3, PageID 13. He subsequently filed an Amended Complaint (Doc. 35) on September 27, 2012. After dispositive motions were filed and following Chief Magistrate Judge Stephanie K. Bowman's Report and Recommendation (Doc. 79, PageID 2550), the Court entered an Order on May 19, 2014, granting UC's summary judgment motion, dismissing Mr. Al-Maqablh's Amended Complaint with prejudice, and directing the Clerk to close this case. *See* Doc. 91, PageID 2596.

From there, the litigation took many procedural turns. First, the Clerk entered judgment (Doc. 92) (the "First Judgment") against Mr. Al-Maqablh on May 19, 2014, pursuant to the Court's Order (Doc. 91) granting summary judgment for UC and dismissing the case with prejudice. Mr. Al-Maqablh then moved to reopen the case on June 13, 2014, seeking to appeal the Court's Order and then subsequently filed a notice of appeal to the Sixth Circuit. Doc. 93; Notation Order, 11/07/14. After the Court granted Mr. Al-Maqablh's motion, the Clerk entered a second judgment (Doc. 106) (the "Second Judgment") on October 23, 2014, to reflect the Court's Order reopening the case for appeal. Doc. 106, PageID 2648.

In the meantime, on October 23, 2014, and five months after the First Judgment, UC filed with the Court a Bill of Costs seeking $4,547.00 from Mr. Al-Maqablh for expenses incurred during the pendency of the action.[2] Doc. 108, PageID 2650. Importantly, from there, the Parties engaged in briefing on the matter. Mr. Al-Maqablh filed a response. Doc. 111. In the response, Mr. Al-Maqablh argued that UC's Bill of Costs should be disregarded because

---

[1] On August 10, 2011, Magistrate Judge Karen L. Litkovitz granted Mr. Al-Maqablh's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 2, PageID 11.

[2] On October 23, 2014, UC filed a Bill of Costs (Doc. 108) seeking (1) $4,448.00 for printed or electronically recorded transcripts obtained for use in the case, and (2) $99.00 for fees for exemplification and the costs of making copies of any materials used in the case. Costs totaled $4,547.00. Doc. 108, PageID 2650.

it was not timely filed within fourteen days after the First Judgment and also due to Mr. Al-Maqablh's limited financial means to pay the Bill of Costs. *Id*. Both Parties filed replies. Docs. 112, 113.[3]

The Sixth Circuit affirmed the District Court's decision on December 10, 2015, dismissing the case in its entirety. Doc. 117, PageID 2713–15. Following the Circuit's decision on the matter and after the completion of the Parties' briefing on the Bill of Costs, the Clerk filed its Memorandum as to Bill of Costs (Doc. 119) on December 21, 2016, which allowed costs in the amount of $3,599.00 and disallowed costs in the amount of $948.00 against Mr. Al-Maqablh. Doc. 119, PageID 2721. Costs were accordingly taxed against Mr. Al-Maqablh in the amount of $3,599.00. Doc. 120. Notably, the Clerk's memorandum also provided that a motion for judicial review of "the Clerk's taxation of costs must be served within seven (7) days of the taxation of costs" pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Doc. 119, PageID 2721. Displeased with the Clerk's taxation of costs, Mr. Al-Maqablh filed a motion seeking relief from the Clerk's determination (Doc. 121) (the "Motion"), which is presently before the Court.

Mr. Al-Maqablh's Motion, however, was filed on February 2, 2026—almost a decade after taxation was issued by the Clerk. Doc. 121. In the Motion, Mr. Al-Maqablh asserts that the Clerk's taxation of costs is void pursuant to Federal Rules of Civil Procedure 54(d), 60(b)(4) and Local Rule 54.1. *Id*. at PageID 2730. Mr. Al-Maqablh also states that he recently

---

[3] The Court notes, however, that it does not appear that Mr. Al-Maqablh requested leave to file his Reply (Doc. 113), pursuant to Local Rule 7.2. *See* S.D. Ohio Civ. R. 7.2 ("Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees. Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition. *No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown*.") (emphasis added).

completed law school and now seeks to sit for the Ohio Bar Exam. *Id*. For this to occur, Mr. Al-Maqablh must complete his character and fitness investigation and receive approval to sit for the exam. *Id*. Mr. Al-Maqablh asserts, however, that Ohio Bar admissions personnel requested that he obtain a resolution of the Clerk's taxation of costs before a determination can be made as to his Ohio Bar application. *Id*. UC filed a response to the Motion (Doc. 123); Mr. Al-Maqablh replied (Doc. 124). The matter is now ripe for review.

## II.  LAW & ANALYSIS

Here, the Court considers whether a party may challenge the taxation of costs nearly a decade after its issuance by the Clerk. For the reasons provided below and based upon the facts presented before the Court, the answer is no. Mr. Al-Maqablh moves to vacate the Clerk's taxation of costs as "ultra vires, void, untimely, and inequitable," pursuant to Federal Rules of Civil Procedure 54(d), 60(b)(4), and Local Rule 54.1. Doc. 121, PageID 2730. The Court addresses each argument in turn.

### a.  *The Clerk's Authority to Tax Costs*

First, Mr. Al-Maqablh argues that the Clerk had no authority to tax costs in this case. In his view, "[t]he [Clerk's] taxation was entered nearly two years after final disposition of the case, without a court order, while objections were pending, and long after judgment had become final." *Id*. at PageID 2730–31. According to Mr. Al-Maqablh, "where the Court has not authorized taxation and disputes concerning costs remain unresolved, the Clerk lacks authority to enter a binding taxation of costs." *Id*. at 2732. Plaintiff's assertion, however, is incorrect based upon the Federal Rules of Civil Procedure and the Southern District of Ohio's established local procedure as to the taxation of costs.

To be clear, following UC's filing of its Bill of Costs (Doc. 108), the Parties engaged in briefing on the matter prior to the Clerk's entry of taxation of costs. *See* Docs. 111, 112, 113. In fact, Mr. Al-Maqablh filed a response in opposition (Doc. 111) asking that the Bill of Costs be disregarded. More specifically, Mr. Al-Maqablh argued that (1) Defendant's filing of the Bill of Costs was untimely; (2) he had limited financial means to pay the requested Bill; and (3) that the Bill of Costs was unjust under the circumstances. Doc. 111. UC replied (Doc. 112), and then Mr. Al-Maqablh also filed a reply (Doc. 113). Plaintiff now asserts that the Court should have stepped in and resolved the Parties' arguments during that time.

Importantly, however, Mr. Al-Maqablh made his arguments (Docs. 111, 113) *before* the Clerk entered its taxation of costs. Docs. 119, 120. Traditionally, judicial review *follows* the Clerk's decision after parties' have made properly filed objections, within seven days after the Clerk's taxation of costs. Federal Rule of Civil Procedure 54(d)(1) provides, in relevant part: "costs—other than attorney's fees—should be allowed to the prevailing party . . . [t]he clerk may tax costs on 14 days' notice. On motion served within the *next 7 days, the court may review the clerk's action*." Fed. R. Civ. P. 54(d)(1) (emphasis added). In addition, Local Rule 54.1 provides, in relevant part:

> The Clerk shall tax costs *after all parties have had an opportunity to be heard* on the bill of costs pursuant to the briefing schedule provided in S.D. Ohio Civ. R. 7.2. The Clerk may defer taxation of costs pending appeal.

S.D. Ohio Civ. R. 54.1 (emphasis added).

In other words, the briefing that took place prior to the Clerk's taxation of costs granted the parties the "opportunity to be heard" *by the Clerk*, before the Clerk later assessed costs. *Id*. As previously explained by this Court, Local Rule 54.1 "reasonably envisions input from both parties on costs to aid the Clerk's taxation of costs." *Santiago v. Meyer Tool Inc.*, No. 1:19-cv-

5

32, 2024 WL 1656984, at *3 (S.D. Ohio Apr. 17, 2024), *report and recommendation adopted*, 2024 WL 2187005 (S.D. Ohio May 15, 2024). Stated another way, the Court was not *required* to step in when Mr. Al-Maqablh filed a response to UC's Bill of Costs (Docs. 108, 111), and the Clerk equally was not required to *refrain* from its taxation of costs during that time. At that point in the litigation, the Parties' briefing was simply to "aid the Clerk's taxation of costs." *Id*. As further explained by the Sixth Circuit in *BDT Products*, the Clerk often oversees the process, unless and until, a timely objection is filed within seven days following the taxation of costs:

> The usual procedure is for the clerk to fix the costs, after which a motion may be made for judicial review of the clerk's decision. The motion must be served within [seven] days after the clerk has taxed the costs. Fed. R. Civ. P. 54(d)(1). "The function of the court in the process of taxing costs is merely to review the determination of the clerk. Therefore, *nothing normally can come before the court until the clerk has acted and an objection has been made*."

*BDT Prods., Inc. v. Lexmark Int'l, Inc*., 405 F.3d 415, 417 (6th Cir. 2005) (citation omitted), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd*., 566 U.S. 560 (2012) (emphasis added).

Therefore, for judicial review, the proper procedure would have been for Mr. Al-Maqablh to file a motion "within the next 7 days" of the Clerk's action, which would then lead to the Court's review. Fed. R. Civ. P. 54(d)(1). Instead, Mr. Al-Maqablh waited almost a *decade* to file an objection. *Santiago*, 2024 WL 1656984, at *3 ("[A] plain reading of the rule . . . references that '[t]he clerk may tax costs on 14 days' notice,' and the district court may review that action on 'motion served within the next 7 days.'").

In addition, Mr. Al-Maqablh argues that the Clerk waited too long to issue the taxation of costs. Doc. 121, PageID 2730–31 ("The [Clerk's] taxation was entered nearly two years after final disposition of the case, without a court order, while objections were pending, and long after judgment had become final."). Here, however, the Clerk appropriately waited until

after the Sixth Circuit's decision (Doc. 117) on December 10, 2015, before issuing the taxation of costs memorandum (Doc. 119). Local Rule 54.1 clearly states that "the Clerk may defer taxation of costs pending appeal." *See* S.D. Ohio Civ. R. 54.1. As such, the Clerk complied with the Rules and issued the taxation of costs following Plaintiff's appeal. The Clerk, therefore, acted well within the Rules when doing so.

### b. *Mr. Al-Maqablh's Challenge Under Rule 54(d)(1)*

The Court must now decide whether to consider Mr. Al-Maqablh's challenge to the Clerk's taxation of costs, filed nearly a decade after entry (Doc. 121). In this instance, the Court declines to do so. As described by the Sixth Circuit, the "language [of Rule 54(d)] creates a presumption in favor of awarding costs but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); 10 Wright & Miller, Fed. Prac. & Proc. § 2668 (4th ed.) ("[T]he federal courts [in awarding costs] are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case."). Importantly, "[t]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." *Freeman v. Blue Ridge Paper Prods., Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (citing *BDT Prods., Inc.*, 405 F.3d at 420).

As noted, Rule 54(d)(1) mandates that a party challenging the Clerk's taxation of costs file a motion within seven days of the Clerk's determination. Fed. R. Civ. P. 54(d)(1). Objections, therefore, must be raised promptly. The Court acknowledges that the "district court . . . may consider untimely objections," and clearly has the authority to do so. *Rutherlan Enters., Inc. v. Zettler Hardware*, No. 2:14-cv-00019, 2019 WL 2579157, at *2 (S.D. Ohio June 24, 2019) (citation omitted). But "parties who do not follow the rules relating to costs do so

7

at their own peril as it is within a court's discretion to decline review of untimely motions for review of costs." *Santiago*, 2024 WL 1656984, at *6. In previous cases, the Sixth Circuit has "affirmed the denial of untimely motions for review of costs." *Hillside Prods., Inc. v. Cnty. of Macomb*, 448 F. App'x 592 (6th Cir. 2012); *Sutter v. Gen. Motors Corp.*, 100 F. App'x 472 (6th Cir. 2004).

Take the Sixth Circuit's decision in *Sutter*, which is informative under the present facts. *Id.* There, the clerk entered an order awarding costs against the plaintiff after the district court granted summary judgment. *Id*. at 474. Over eight months later, the plaintiff filed a motion to vacate the order awarding costs, arguing that he did not have notice that costs had been assessed against him and arguing that it would be inequitable to impose such costs. *Id*. at 474–75. The district court then denied the motion as untimely pursuant to Rule 54(d)(1). *Id*. at 474. Though the Circuit acknowledged that "[a] court may extend the [Rule 54(d)(1)] period for challenging the taxation of costs if the request is made within the period originally prescribed or where the failure to act is the result of excusable neglect," the Circuit affirmed the district court's decision because the plaintiff's motion was filed over eight months late, and he failed to file a request for an extension of time. *Id*. at 474–75.

Here, Mr. Al-Maqablh challenges the Clerk's determination almost a *decade* late, which the Court finds to be substantial. Mr. Al-Maqablh argued previously that UC's Bill of Costs (Doc. 108) was untimely filed after the Second Judgment on October 23, 2014, when it should have been filed within fourteen days after the First Judgment. Doc. 111, PageID 2663. Even assuming arguendo that Mr. Al-Maqablh is correct, the time to raise that objection was within seven days after the Clerk issued taxation of costs—by Wednesday, December 28, 2016, not over nine years later. Though the District Court can consider untimely objections,

the Court finds that Mr. Al-Maqablh's delay in filing the objection is so substantial and greatly surpasses *Sutter's* eight-month delay. *Sutter*, 100 F. App'x at 475; s*ee also Hillside Prods., Inc.*, 448 F. App'x at 592 ("The district court also did not abuse its discretion in concluding that plaintiffs' motion for review of the order taxing costs for the appeal was untimely."). As in *Sutter*, Mr. Al-Maqablh has never requested an extension of time to seek judicial review of the matter and states only that he "first became aware of the Clerk's taxation of costs during the bar admissions process," which is now impeding upon his Ohio Bar Exam application. Doc. 121, PageID 2730. From the Court's view, Mr. Al-Maqablh likely would have never sought judicial review of the matter if it had not interfered with his Ohio Bar Exam application. Under the present facts, Mr. Al-Maqablh does not provide more than a cursory explanation as to his failure to seek judicial review. *See Sutter*, 100 F. App'x at 475. Therefore, the Court declines to consider Mr. Al-Maqablh's untimely objection filed nearly a decade after the Clerk's taxation of costs.[4]

### c. Mr. Al-Maqablh's Challenge Under Rule 60(b)(4)

Mr. Al-Maqablh also challenges the Clerk's taxation of costs under Rule 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] (4) the judgment is void." Fed. R. Civ. P. 60(b)(4); *In re Vista-Pro Auto., LLC*, 109 F.4th 438, 445 (6th Cir. 2024) ("[A]

---

[4] Had Mr. Al-Maqablh sought timely judicial review of the Clerk's taxation of costs, the Court would have considered whether to deny costs based upon several factors, including: (1) whether Mr. Al-Maqablh filed the action in good faith; (2) whether an award of costs would have a chilling effect; (3) whether Mr. Al-Maqablh has the ability to pay; (4) whether the requested costs are reasonable; (5) whether the issues presented were close and difficult; and other recognized factors. *See White & White, Inc.*, 786 F.2d at 733; *Aubin Indus., Inc. v. Smith*, No. 1:04-cv-681, 2009 WL 1674845, at *2–4 (S.D. Ohio June 15, 2009). The Court acknowledges that Mr. Al-Maqablh may have had a colorable argument, particularly considering he filed the present action *in forma pauperis* and has been a doctoral student for several years with limited financial means. *See* Doc. 1, PageID 1–3; Doc. 110, PageID 2657–59. However, due to Mr. Al-Maqablh's nearly ten-year delay in filing the Motion challenging taxation of costs, he forfeited judicial review of the matter long ago.

void judgment is exceptional: it is premised on a fundamental 'jurisdictional error' or on 'a violation of due process that deprives a party of notice or the opportunity to be heard.'"). Importantly, "'[a] judgment is not void,' for example, 'simply because it is or may have been erroneous.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted).

First, the Clerk's taxation is a ministerial act, and the established process for challenging the taxation of costs is through a properly filed motion for judicial review under Rule 54(d)(1), which must be filed within seven days of the Clerk's action. Fed. R. Civ. P. 54(d)(1). *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000) ("The clerk of court's role in taxing costs awards, while quasi-judicial, is essentially ministerial."). But even assuming arguendo that the Clerk's memorandum is a "judgment" subject to Rule 60(b)(4) scrutiny, the recent Supreme Court decision in *Coney Island Auto Parts Unlimited, Inc.* makes clear that any such motion must be filed within a "reasonable time." *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 146 U.S. 579, 585 (2026) ("Litigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time.").

Importantly, the "reasonable time" clock . . . "begins ticking when the movant is or should be aware of the factual basis for the motion." *Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249 (6th Cir. 2019). And what constitutes a "reasonable time" "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990); *see, e.g.*, *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefits Fund*, 249 F.3d 519, 528–29 (6th Cir. 2001) (considering

10

reliance interests and the four-year passage of time in ruling on a Rule 60(b) motion); *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 75–76 (6th Cir. 2012) (considering the unexplained delay in the filing of a Rule 60(b) motion).

Mr. Al-Maqablh's almost ten-year delay far exceeds any conceivable definition of filing an objection within a "reasonable time." *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (affirming the lower court when the "[a]ppellant [did] not attempt to identify any good reason for not filing his 60(b)(4) motion until more than eleven months [later]."); *Blachy v. Butcher*, 129 Fed.App'x. 173, 179 (6th Cir.2005) (finding that a three-year delay did not satisfy Rule 60(b)'s "reasonable time" limitation); *Suttles v. City of Chattanooga*, 886 F.2d 1316 (6th Cir.1989) (two-and-a-half-year delay did not satisfy Rule 60(b)'s "reasonable time" limitation). Here, Plaintiff waited nearly ten years from the Clerk's December 2016 taxation of costs (Doc. 119, 120) to file this Motion in February 2026 (Doc. 121). As stated, Mr. Al-Maqablh maintains that he recently learned about the taxation of costs based upon his pending Ohio Bar Exam application. Doc. 121, PageID 2730. Regardless, as stated by the Court previously, Mr. Al-Maqablh had an ongoing obligation to check the docket and to file notice of any change in his mailing address in the event he was unable to receive electronic filings. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("We have previously found that parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal.").

This is particularly true considering that Mr. Al-Maqablh made his arguments related to the Bill of Costs after UC filed the Bill of Costs on November 5, 2014. Doc. 111. Therefore, Mr. Al-Maqablh was already "aware of the factual basis for [his] motion" before the Clerk entered its taxation of costs on December 21, 2016. Docs. 119, 120. *Ghaleb*, 770 F. App'x at

11

249. Finally, as to prejudicial and equitable concerns, prevailing parties, such as UC, are entitled to know with reasonable promptness whether they will recover their costs. To alter the judgment at this juncture—almost a decade later—would simply be unjust to the prevailing party, UC. *Blue Diamond Coal Co.,* 249 F.3d at 528–29 ("Given the public policy in favor of the finality of judgment, and the length of time between final judgment and Rule 60(b) . . . relief, equity clearly favors adhering to the district court's final judgment."). Therefore, Mr. Al-Maqablh's inaction is fatal to his Motion under either Rule 60 or the Rule 54 framework.

## III. CONCLUSION

As the Supreme Court observed nearly a century ago, "[p]ublic policy dictates that there be an end of litigation," and that parties, eventually, "shall be bound by the result." *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931). Allowing an almost decade-old cost award to be challenged now would undermine finality and would render deadlines meaningless. Therefore, the Court **DENIES** Plaintiff's Motion to Vacate Clerk's Taxation of Costs (Doc. 121).

**IT IS SO ORDERED.**

May 11, 2026

Jeffery P. Hopkins
United States District Judge

12